UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALEJANDRO ENTSAKUA, on behalf of himself  :
and all others similarly situated,                    :        **COMPLAINT**
                                                     :
                              Plaintiff,             :        **Case No.**
        -against-                                    :
                                                     :        **FLSA COLLECTIVE**
SAFEWAY CONSTRUCTION ENTERPRISES      :        **ACTION AND RULE 23**
INC., PENNAT INC., STEVE CESTARO, and     :        **CLASS ACTION**
RAYMOND CESTARO,                            :
                                                     :
                              Defendants.        :
----------------------------------------------------------------X

Plaintiff ALEJANDRO ENTSAKUA, on behalf of himself and all others similarly situated, by and through his attorneys, Harrison, Harrison & Assoc., Ltd, alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff ALEJANDRO ENTSAKUA (referred to herein as "Plaintiff") was employed as a full-time employee of SAFEWAY CONSTRUCTION ENTERPRISES, INC., PENNAT INC., STEVE CESTARO and RAYMOND CESTARO (collectively referred to herein as "Defendants") as a Laborer, a non-exempt position subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201 *et. seq.,* and the New York Labor Law (hereinafter referred to as "NYLL").

2.      Plaintiff brings this action on behalf of himself and all others similarly situated seeking unpaid wages and unpaid overtime wages based upon Defendants' violations of the FLSA, the NYLL, and the supporting regulations.

1

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et. seq.,* and 28 U.S.C § § 1331.

4. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants SAFEWAY CONSTRUCTION ENTERPRISES, INC. and PENNAT INC. maintain their principal places of business in, do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

6. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. 1391.

## THE PARTIES

7. Plaintiff is a resident of Queens County, State of New York.

8. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

9. Plaintiff was employed by the Defendants from on or about February 2004 until on or about July, 14 2017 as a Laborer.

10. Plaintiff's written consent to sue is attached hereto as Exhibit "A".

11. Defendant SAFEWAY CONSTRUCTION ENTERPRISES, INC. ("Safeway") is a New York Corporation with its principal place of business located at 54-60 44th Street, Maspeth, NY 11378.

13. Defendant PENNAT INC. ("Pennat") is a New York Corporation with its principal place of business located at 41-31 52nd Street, #B, Woodside, NY 11377.

14. Defendant Steve Cestaro is the owner, chairman/chief executive officer, President and/or operator of Defendant Safeway. Defendant Steve Cestaro has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

15. Defendant Raymond Cestaro is the owner, chairman/chief executive officer, President and/or operator of Defendant Safeway. Defendant Raymond Cestaro has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

16. Defendant Steve Cestaro is and/or was the owner, chairman/chief executive officer, manager and/or operator of Defendant Pennat. Defendant Steve Cestaro has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

17. Defendant Raymond Cestaro is and/or was the owner, chairman/chief executive officer, manager and/or operator of Defendant Pennat. Defendant Raymond Cestaro has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

17. At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

18. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

19. At all times relevant hereto, Defendants employed employees, including Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, who regularly engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

20. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

21. Defendants operate a site development and utilities construction company based in Maspeth, New York. Defendants' area of expertise include, *inter alia*, underground installation, replacement and repair services relating to gas, water, steam, electrical conduit, and telecommunications transmissions.

22. Plaintiff began working for Defendants as a laborer in February 2004.

22. At all times relevant hereto, Defendants employed Plaintiff, the FLSA Collective Plaintiffs, and the Class Members to work as laborers or similar non-exempt hourly construction employees (hereinafter "Laborers").

23. At all times relevant hereto, Plaintiff, the FLSA Collective Plaintiffs, and the Class Members were hourly, non-exempt employees.

24. Defendants assigned Plaintiff, the FLSA Collective Plaintiffs, and the Class Members to excavate cement, pile new cement, and perform other construction related duties.

4

25. Defendants generally scheduled their Laborers to work six (6) shifts per week two or three weeks out of the month, and five (5) shifts per week once or twice a month, with each shift scheduled for eight (8) hours per day.

26. At all times relevant hereto, Defendants had a policy that Plaintiff, the FLSA Collective Plaintiffs, and the Class Members had to report to the main office where their yard is located ("Yard") one hour before their scheduled shift, at 6:00 A.M., or 9:00 P.M. if working a night shift, to load Defendants' trucks with their equipment and supplies, including but not limited to cement, bricks, sandbags, and two (2) by four (4) pieces of wood.

27. At the beginning of their work shifts Plaintiff, the FLSA Collective Plaintiffs, and the Class Members spent approximately twenty (20) to thirty (30) minutes loading Defendants trucks with materials and equipment. They then drove to their assigned job sites for the next thirty (30) minutes, approximately, arriving at their work sites at approximately 7:00 A.M., or 10:00 P.M. if working a night shift.

28. Plaintiff was normally assigned to work six (6)days a week, Monday through Saturday, two to three weeks out of the month and five days, Monday through Friday, one or two weeks a month. Thus, Plaintiff regularly worked an average of between 45 hours (when he worked 5 days a week) and 54 hours (when he worked 6 days a week) a week, or more.

29. Defendants' management only paid for, and recorded - for time keeping purposes - the times when Plaintiff, the FLSA Collective Plaintiffs, and the Class Members arrived on their assigned job sites and started working.

5

30. Defendants did not record - for time keeping purposes- or pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members for the time they spent working in the Yard, loading Defendants' trucks with equipment and supplies, or for the time spent driving Defendants' trucks to, and or from, the job sites.

31. In addition, Defendants' management regularly rounded down the Plaintiff's, FLSA Collective Plaintiffs', and the Class Members' start and end times to the nearest half hour.

32. Defendants did not compensate Plaintiff, the FLSA Collective Plaintiffs, and the Class Members for all of the time they worked for Defendants.

33. Defendants paid Plaintiff, the FLSA Collective Plaintiffs, and the Class Members hourly rates of between $18 and $40 an hour (depending on the length and/or year of employment), approximately, for some – but not all - of the hours they worked.

34. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members regularly worked well beyond their scheduled eight (8) hour shifts. They were not properly compensated for all of their off-the-clock time they worked before and after their scheduled eight (8) hour shifts.

35. Defendants did not compensate Plaintiff, the FLSA Collective Plaintiffs, and the Class Members at the lawful overtime rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

36. Defendants failed to keep accurate and sufficient time records as required by Federal and New York State laws.

37. Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish the Plaintiff and the Class Members with a statement with every

6

payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

38. Defendants failed to provide Plaintiff and the Class Members with the notices required by NYLL §195(1).

39. Upon information and belief, Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

40. Upon information and belief, at all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

41. As a result of Defendants' failure to record, credit, and/or compensate Plaintiff and the Collective Action Members for the full amount of the hours they worked for Defendants, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. Defendants' record keeping and notice violations prevented Plaintiff, the FLSA Collective Plaintiffs, and Class Members from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

43. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants

7

knew that the nonpayment of overtime premiums would economically injure Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

44. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as a Laborer or similar non-exempt employee, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

46. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

47. Other Laborers and similar non-exempt employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other Laborers and similar non-exempt employees to receive notice of the action and allow them to opt in to such an action if they so choose.

8

48. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

49. Plaintiff brings the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and other damages on behalf of all individuals employed in the State of New York by Defendants as Laborers and/or similar non-exempt employees, at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

50. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under FRCP Rule 23.

51. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is

presently within the sole control of Defendants, Plaintiff believes that through discovery they will obtain evidence to establish that there are at least forty members of the Class.

52.     Plaintiff's claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for overtime hours worked as required by 12 NYCRR § 142-2.2, and failed to provide them with proper notices and/or documents as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

53.     As fellow employees of Defendants, which failed to adequately compensate Plaintiff and the members of the Class as required by law, Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

54.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained David Harrison, Esq., a competent and experienced employment litigator.

55.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and

expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56. Upon information and belief, employees of Defendants in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

57.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for all hours worked as required by 12 NYCRR § 142-2.2, (b) whether Defendants provided Class Members with the notices required by NYLL § 195(1), and (c) whether Defendants provided Class Members with sufficiently detailed wage statements as required by NYLL § 195(3).

58.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

**FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

59.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

60.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

61.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

62.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

63. Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

### SECOND CLAIM FOR RELIEF

#### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

64. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

65. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

66. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

67. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

68. Plaintiff, on behalf of himself and the Class Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

13

## **THIRD CLAIM FOR RELIEF**

### **(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself and the Class Members)**

69. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

70. Defendants have willfully failed to supply Plaintiff and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiff and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71. Defendants have willfully failed to supply Plaintiff and each Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

72. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants $100 for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-d, and $50 dollars for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiff as the Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: February 9, 2018

Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

*/s/ David Harrison*

David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorney for Plaintiff, Proposed Collective Action Plaintiffs and Proposed Class Members*

# EXHIBIT "A"

I am a current or former employee of PEDENA INC., PENNAT INC., SAFEWAY CONSTRUCTION ENTERPRISES INC., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 26 day of Sept , 2017.

_____
Signature

Alejandro Entsakua
Full Legal Name (print)